IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL ASHLEY, #132 699 | * |
| Petitioner, | * |
| v. | *    2:04-CV-347-MHT |
| | (WO) |
| TERRANCE MCDONNELL, WARDEN, *et al.*, | * |
| | * |
| Respondents. | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Michael Ashley ["Ashley"], an inmate in the custody of the Alabama Department of Corrections, filed this 28 U.S.C. § 2254 petition challenging the manner in which his sentence is being calculated.[1] Pursuant to an order of the court, Respondents filed an answer and supplemental answer to the petition. (Doc. Nos. 6, 10.) The court granted Ashley an opportunity to respond to Respondents' answer, as supplemented. (Doc. No. 12.) The court denied Petitioner's May 19, 2005 request for permission to file a motion for summary/default judgment. (Doc. No. 16.)  To the extent the pleading may be viewed as a response to Respondents' supplemental answer, however, the court has considered the pleading in that manner. The court has carefully reviewed the petition and Respondents' answer, as supplemented, including the evidentiary material filed herein. It concludes that

---

[1]Although Petitioner filed this action on a form for use in filing habeas applications under 28 U.S.C. § 2254, it is clear he challenges the manner in which his sentence is being executed rather than its validity, and therefore, it is properly filed under the provisions of 28 U.S.C. § 2241.

the instant habeas corpus action should be dismissed because Ashley has failed to exhaust state remedies with respect to the claims raised therein.

## I. BACKGROUND

According to the petition, Ashley maintains that the Alabama Department of Corrections is improperly calculating his release date. He asserts that in April 2001 the Circuit Court for Jefferson County sentenced him to a fifteen-year split sentence (three to serve and two years of probation) and credited him with time served. He argues that it was not until after he fully served the split sentence that his parole was revoked in December 2003 on a 30-year sentence which had previously been imposed on him in 1987. He complains that the Department of Corrections is calculating his release date based on the 30-year sentence as well as the 3-year split sentence which he argues was fully served prior to the revocation of his parole on the 1987 conviction.[2]

---

[2]To clarify Ashley's argument presented herein, the court notes the following. On March 16, 2001 the Circuit Court for Jefferson County, Alabama, entered an order revoking Ashley's probation in CC-98-4505. (Doc. No. 6, Exh. A at pg. 80.) The trial court put the following sentence into effect:

> The defendant, being called before the Court for sentencing and asked whether he has anything to say as to why sentence should not be pronounced against him says _____. It is the judgment and sentence of the Court that the defendant be imprisoned in the penitentiary or a jail type institution for 15 years. The sentence of 15 years shall be served as a "split sentence" in that defendant shall serve 3 years in the penitentiary or jail type institution, thereafter shall be released and remain on probation for 2 years.
>
> CREDIT FOR TIME SERVED

(*Id*.) Ashley was directed to surrender to authorities on April 6, 2001. On that date, an entry on the docket sheet reflected that Ashley was in the Birmingham City Jail on new felony charges. An alias writ was issued on April 9, 2001, he was committed to the jail on April 10, 2001, and his sentence, which the court noted was concurrent with CC-98-4068, began to run on April 10, 2001. (*Id*.)

On June 1, 2001, Ashley entered a guilty plea in the Circuit Court for Jefferson County, Alabama, to first degree theft of property. The trial court sentenced him to twenty years' imprisonment. The trial court

## II.  DISCUSSION

Jurisdiction over an action filed under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located.[3]  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973).  Before a petitioner may file a petition seeking habeas relief in federal court, however, the petitioner must exhaust each claim presented to the federal court through remedies available in state court.  Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, *i.e.*, those who are "in custody pursuant to the judgment of a State court.  *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *see also Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *Id.* (*citing

---

directed that the sentence be split and ordered Ashley to serve five years in the state penitentiary, after which he would be placed on supervised probation for a term of three years. Ashley's sentence was directed to run concurrent with the sentences imposed in "CC 01-1766, CC 87-699 [30-year sentence], 700, 701, 702, 703, 704, and CC 98-4505, and CC 98-4068." (*See* Doc. No. 8, Exh. A at pg. 56.)

According to Ashley, the sentences imposed on the 1998 convictions had expiration dates of September 19, 2002.  (If this contention is, in fact, true, the remainder of the concurrent twenty-year split sentence with  five years to serve in prison would still have been running.  However, said sentence, as noted, was directed to run concurrent with CC-87-699. The sentence imposed in 98-4068 runs concurrent with CC-98-4505 but is listed as consecutive to Ashley's other sentences.  *See Ala. Code* § 14-3-38).  Thus, Ashley asserts that when, in December 2003, his parole was revoked on a thirty-year sentence, he had already finished serving his 15-year split sentence.  He alleges, however, that in calculating his release date, the DOC is including the sentence imposed in CC 98-4068/4505 in its calculations even though he completed service of this sentence before  his parole on the 30-year prison term (CC-87-699) was ever revoked.  (*See* Doc. No. 14 at pg. 5.).

[3]When he filed the instant petition, Ashley was incarcerated at the Kilby Correctional Facility.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The court has carefully reviewed the pleadings and documents filed in this matter. It is clear to the undersigned from this review that Ashley has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition. Ashley has never presented to the state courts his allegation that the Alabama Department of Corrections is improperly calculating the length of his sentence and/or is calculating his release date by including in such calculations an expired sentence. This court does not deem it appropriate to rule on the merits of Ashley's claims for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice in order to allow Petitioner to pursue his available state court remedies.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Michael Ashley be DISMISSED without prejudice to afford him an opportunity to exhaust all available state court remedies

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before June 5, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE